# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **LASHAWN DEANGELO GRIER,** *Petitioner,* v. **Warden JAMES DEAL,** *Respondent.* | **CIVIL ACTION NO. 5:19-cv-00117-TES-MSH** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

After a de novo determination of the portions of the Recommendation to which Petitioner made an objection, the Court, for the reasons discussed below, **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 13] and **MAKES IT THE ORDER OF THE COURT**. 28 U.S.C. § 636(b)(1)(C). Consistent with the magistrate judge's recommendation, the Court **GRANTS** Respondent's Motion to Dismiss [Doc. 7], **DISMISSES** Petitioner's habeas corpus petition filed pursuant to 28 U.S.C. § 2254 as untimely, and **DENIES** Petitioner a certificate of appealability. [Doc. 13 at pp. 5–6].

The Court considered Petitioner's Objection [Doc. 14] to the Report and Recommendation and finds that it lacks merit. *See generally* [Doc. 14]. In his Objection, Petitioner mistakenly argues that "[w]here the limitation period began for [him] was on 'the date of April 16, 2018[,] which the judgment became final by the conclusion of the

expiration of the time for seeking review' (28 [U.S.C.] § 2244(d)(1)(A)) when the Supreme Court of Georgia denied Petitioner's application for probable cause to appeal his State habeas corpus." [Doc. 14 at p. 3 (alterations adopted)]. Based on this understanding, Petitioner believes that he had until April 16, 2019, to file his federal habeas petition (pursuant to 28 U.S.C. § 2254) and, accordingly, acted under the impression that his application for state post-conviction relief tolled the limitations period for his federal habeas petition. *See Tinker v. Moore*, 255 F.3d 1331, 1334–34 (11th Cir. 2001). In actuality, however, Petitioner had only until April 27, 2013, to initiate his federal habeas petition—that being exactly one year from April 26, 2012, the date on which his state-court conviction of March 26, 2012, became final (unappealable). [Doc. 13 at p. 4].

The flaw in his argument is that he unfortunately did not file his state habeas petition until September 10, 2013, over four months after the one-year limitation period for seeking federal habeas corpus relief had expired. 28 U.S.C. § 2244(d)(1); *see also* [Doc. 13 at p. 4]. The Eleventh Circuit Court of Appeals has already held that "a [state-court] petition like [Petitioner's] that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Tinker*, 255 F.3d at 1333. A properly-filed application for state post-conviction relief certainly tolls the statute of limitations for federal habeas petitions, but it does not reset or restart the statute of limitations once the federal limitations period has expired. *Moore*

*v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003). "In other words, the tolling provision does not operate to revive the [federal] one-year limitations period if such period has expired." *Id.*

Simply put, had Petitioner filed his state habeas on or before April 17, 2013, he would have tolled the one-year provision under 28 U.S.C. § 2241(d)(1). Here, however, Petitioner's state habeas filed on September 10, 2013, was simply too late, and it cannot be used revive the expired deadline imposed by 28 U.S.C. § 2244(d).[1] Consequently, as the magistrate judge correctly recommended, his petition under 28 U.S.C. § 2254 is time-barred.

Likewise, Petitioner's Objections regarding equitable tolling do not apply to overcome the time-bar on Petitioner's untimely federal habeas petition, because he has failed to demonstrate why he did not raise his jurisdictional and indictment-related challenges until this untimely petition. *See, e.g.*, [Doc. 14 at p. 5]; *Holland v. Florida*, 560 U.S. 631, 649 (2010) (explaining the requirements for equitable tolling for the Anti-Terrorism and Effective Death Penalty Act). Accordingly, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 13] and **GRANTS**

---

[1] After his time for appeal to the appropriate state-appellate court ran, Petitioner's conviction for armed robbery became unappealable—or final, and his one-year period for seeking federal habeas relief began to run. O.C.G.A. § 5-6-38; 28 U.S.C. § 2241(d)(1); *see also* [Doc. 13 at pp. 1–2]. It was from that date (April 26, 2012), that Petitioner had one year to properly file a state habeas petition in order to toll the one-year period for a federal petition. He made no such filing. While Petitioner may have properly filed his state habeas petition within Georgia's four-year period, O.C.G.A. § 9-14-42, he failed to file it within one year from the date his conviction became final (not the final determination from the Supreme Court of Georgia) in order to toll the one-year federal time bar.

3

Respondent's Motion to Dismiss [Doc. 7]. Petitioner's 28 U.S.C. § 2254 petition is hereby **DISMISSED** as untimely, and Petitioner is also **DENIED** a certificate of appealability in accordance with 28 U.S.C. § 2253(c)(2).

**SO ORDERED**, this 25th day of November, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
